UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CARLOS NEGRON,

                              Plaintiff,                  **2007-CV-7408 (WHP) (KNF)**

               -against-                    **COMPLAINT AND**
                                                          **JURY DEMAND**

THE CITY OF NEW YORK; POLICE OFFICER GEORGE
REYES AND POLICE OFFICERS JOHN DOE 1-15,
Individually and in their official capacities as New York
City Police Officers and Supervisors; CORRECTIONS
OFFICERS RICHARD ROE 1-15, individually and in their
official capacities as New York City Corrections Officers
and Supervisors,

                             Defendants.
----------------------------------------------------------------------X

## PRELIMINARY STATEMENT

      1.     This case arises from the unlawful arrest, detention and repeated strip search of a

Bronx Resident.  Defendant corrections officers falsely detained plaintiff CARLOS NEGRON

for twenty (20) days without cause, after all charges were dismissed and in violation of a court

order. Defendants strip-searched plaintiff no less than three (3) times without cause or

justification, including twice after a direct order by a state court to release him from custody

      2.     Plaintiff CARLOS NEGRON's nightmare began when defendant police officers

falsely arrested him on December 10, 2005.  After arraignments, defendant corrections officers

took Mr. NEGRON into New York City Department of Corrections (NYCDOC) custody

pending his next court date.

      3.     After transferring him to a NYCDOC facility on Rikers Island, defendant

corrections officers, without provocation or cause, subjected Mr. NEGRON to a humiliating strip

search.  It would be the first of many.

4.    Over the next twenty-six days, defendant corrections officers illegally strip-searched Mr. NEGRON no fewer than two additional times – each time he was transported on or off a NYCDOC facility.

5.    On December 16, 2005, the Bronx County Criminal Court dismissed all criminal charges against Mr. Negron and ordered him to be released.

6.    Despite and with full knowledge of this order, defendant corrections officers refused to release Mr. NEGRON.   Defendants proceeded to hold him without any justification or cause for twenty more days until releasing him on January 5, 2006.

7.    In this civil rights action, the plaintiff, CARLOS NEGRON, seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, and of rights secured under the common law and the Constitution of the State of New York.

8.    The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this court deems equitable and just.

## **PARTIES**

9.    Plaintiff CARLOS NEGRON was 30 years old at the time of the incident.  He is a citizen and resident of the United States, and was at all times relevant herein a resident of the County of the Bronx, State of New York, and full age.

10.    Defendant CITY OF NEW YORK ("the City") is a municipality organized and existing under the laws of the State of New York.  It is authorized by law to maintain a police department and corrections department that act as its agents in the area of law enforcement and

correctional supervision and for which it is ultimately responsible. Defendant the City assumes

the risks incidental to the maintenance of a police force and the employment of police officers

and the maintenance of a corrections force and the employment of corrections officers as said

risk attaches to the public consumers of the services provided by members of the New York City

Police Department (NYPD) and New York City Department of Corrections (NYCDOC). In

addition, at all times relevant herein, the City was the public employer of defendants POLICE

OFFICER GEORGE REYES, POLICE OFFICERS JOHN DOE 1-15, and CORRECTIONS

OFFICERS RICHARD ROE 1-15.

11.     At all times relevant hereto, defendant George Reyes, shield number 06336, was a

police officer of the NYPD, acting in the capacity of agent, servant, and employee of the City,

and within the scope of his employment as such.

12.     At all times relevant hereto, defendants John Doe 1-15, shield numbers unknown,

were police officers of the NYPD, acting in the capacities as agents, servants, and employees of

the City, and within the scope of their employment as such.

13.     At all times relevant hereto, defendants Richard Roe 1-15, identification numbers

unknown, were corrections officers of the NYCDOC, acting in the capacities as agents, servants,

and employees of the City, and within the scope of their employment as such.

## JURISDICTION AND VENUE

14.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and

Fourteenth Amendments to the Constitution of the United States. Jurisdiction is conferred upon

this Court by 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), this being an

action seeking redress for the violation of plaintiff's constitutional and civil rights.

15.     Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

16.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## JURY TRIAL DEMANDED

17.     Plaintiff demands a trial by jury on each and every on his claims as pleaded.

## FACTUAL ALLEGATIONS

18.     Plaintiff, CARLOS NEGRON, is 31 years old.   He is currently homeless.

19.     On the evening of December 10, 2005, at approximately 11:35 pm, at or in front of 244 E. 198th St. in the County of the Bronx, New York, plaintiff CARLOS NEGRON was walking on the street on his way to rent a new apartment when defendants POLICE OFFICER GEORGE REYES and POLICE OFFICERS JOHN DOE 1-15 falsely arrested and imprisoned him.

20.     On the afternoon of December 11, 2005, plaintiff CARLOS NEGRON was arraigned in Bronx County Criminal Court, under docket number 2005BX064657.  The criminal complaint incorrectly stated the arrest date as December 11, 2005.

21.     Plaintiff CARLOS NEGRON was charged with New York Penal law: (1) 220.39(1), criminal sale of a controlled substance in the third degree; (2) 220.16(1), criminal possession of a controlled substance in the third degree; and (3) 220.03, criminal possession of a controlled substance in the 7th degree.

22.     These charges were knowingly and intentionally false and malicious.

23.     At no time during the events described above did defendants have probable cause for the arrest and seizure of plaintiff CARLOS NEGRON.  At no time during the events

described did Mr. NEGRON sell or possess any controlled substance.

24.     At arraignment, the court ordered bail in the amount of $3,000 for plaintiff CARLOS NEGRON.

25.     NYCDOC employees, including defendant CORRECTIONS OFFICERS RICHARD ROE 1—15, transported plaintiff to a NYCDOC facility on Rikers Island.

26.     On December 11, 2005 at this NYCDOC facility, plaintiff was illegally and without cause strip searched by defendant corrections officers and supervisors.

27.     Defendant corrections officers and supervisors told plaintiff to remove all of his clothes.  Mr. Negron removed his clothing.  Defendant corrections officers and supervisors ordered him to stoop down and cough while naked.  He complied.

28.     On December 14, 2005, inmates at a Rikers Island Facility assaulted plaintiff CARLOS NEGRON.  Plaintiff was taken to Bellevue Hospital Center to the treat various injuries he suffered.  These included, but are not limited to, a broken jaw, broken teeth, lacerations to his face and facial swelling.

29.     On the morning of December 16, 2005, plaintiff CARLOS NEGRON asked defendant CORRECTIONS OFFICERS RICHARD ROE 1-15 to be taken to Bronx Criminal Court for his court date arising from his December 10 false arrest.  Defendants refused.

30.     On December 16, 2005, in Bronx County Criminal Court, all charges against plaintiff were dropped and his criminal case was dismissed.   The Court ordered Mr. Negron to be released immediately.

31.     On December 18, 2005, while still at Bellevue Hospital, Plaintiff Carlos Negron again asked when he would be taken to court.  Defendant CORRECTIONS OFFICERS RICHARD ROE 1-15 refused to respond.

32.    On December 20, 2005 Defendant CORRECTIONS OFFICERS RICHARD ROE 1-15 transported plaintiff from Bellevue to Rikers Island and illegally and without cause strip searched him again.

33.    Defendant corrections officers and supervisors told plaintiff to remove all of his clothes.  Mr. Negron removed his clothing.  Defendant corrections officers and supervisors ordered him to stoop down and cough while naked.  He complied.

34.    Plaintiff CARLOS NEGRON repeatedly asked defendant CORRECTIONS OFFICERS RICHARD ROE 1-15 when he would be going to court again. Defendant CORRECTIONS OFFICERS RICHARD ROE 1-15 continually ignored plaintiff's requests, finally informing him that his court date had not been rescheduled yet.

35.    Plaintiff CARLOS NEGRON also asked defendant CORRECTIONS OFFICERS RICHARD ROE 1-15 to call his attorney to verify when his next court date would be. Defendants refused.

36.    Sometime between December 21 and December 30, Plaintiff CARLOS NEGRON finally spoke to his criminal defense attorney, Sejal Zota, Esq. of The Bronx Defenders. Ms. Zota informed Mr. Negron that his case was dismissed on December 16, 2005 and that he should be released.

37.    Plaintiff CARLOS NEGRON then again informed defendant CORRECTIONS OFFICERS RICHARD ROE 1-15 that his case had been dismissed and that he should be released from custody immediately.

38.    Defendant CORRECTIONS OFFICERS RICHARD ROE 1-15 replied that his attorney Ms. Zota was wrong, that bail was still $3,000, and that his case had not been rescheduled yet.

39.     Between the days of December 21, 2005 – January 5, 2006, plaintiff CARLOS NEGRON repeatedly demanded to be released, citing the fact that his criminal case was dismissed.

40.     As to all prior requests, defendant CORRECTIONS OFFICERS RICHARD ROE 1-15 informed plaintiff CARLOS NEGRON that his criminal case had still not been rescheduled and that he was to remain in custody.

41.     On December 30, 2005, plaintiff CARLOS NEGRON filed a personal injury claim against the NYCDOC.

42.     On January 5, 2006 Defendant CORRECTIONS OFFICERS RICHARD ROE 1-15 illegally and without cause strip searched plaintiff CARLOS NEGRON again.

43.     Defendant corrections officers and supervisors told plaintiff to remove all of his clothes.  Mr. Negron removed his clothing.  Defendant corrections officers and supervisors ordered him to stoop down and cough while naked.  He complied.

44.     On January 5, 2006 CORRECTIONS OFFICERS RICHARD ROE 1-15 finally released Plaintiff CARLOS NEGRON from NYCDOC custody, 20 days after he was ordered released by the Bronx County Criminal Court.

45.     The conduct of defendants' described above, in assaulting, restraining, falsely arresting, falsely imprisoning, illegally searching and maliciously prosecuting Mr. Negron, directly caused plaintiff serious physical and emotional injury, pain and suffering, emotional distress, mental anguish, humiliation and embarrassment.

46.     The arrest, detention and prosecution of Mr. Negron lacked probable cause, and were done maliciously, falsely, and in bad faith.  Defendants Reyes, John Doe 1-15 and Richard Roe 1-15 acted in wanton and reckless disregard for the rights of Mr. Negron.

47.    As a result of all of the acts alleged herein, Mr. Negron has suffered and continues to suffer physical and emotional injury and pain, mental pain and anguish, and emotional distress.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983

48.    The plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

49.    The conduct and actions of defendant POLICE OFFICER GEORGE REYES and POLICE OFFICERS JOHN DOE 1-15, acting under color of law, in arresting and imprisoning Mr. NEGRON absent probable cause, were done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, were done without lawful justification or reason, and were designed to and did cause specific and serious harm, pain and suffering in violation of plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

50.    As a result of the foregoing, plaintiff was deprived of his liberty, sustained painful injuries to his body, was made ill, was subject to great humiliation, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983

51.    The plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

52.    The conduct and actions of defendant CORRECTION OFFICERS RICHARD ROE 1-15, acting under color of law, in arresting and imprisoning Mr. NEGRON absent probable cause, were done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, were done without lawful justification or reason, and were designed to and did cause specific and serious harm, pain and suffering in violation of plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

53.    As a result of the foregoing, plaintiff was deprived of his liberty, sustained painful injuries to his body, was made ill, was subject to great humiliation, and was otherwise damaged and injured.

## THIRD CLAIM

### DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983

54.    The plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

55.    The conduct and actions of defendant CORRECTIONS OFFICERS RICHARD ROE 1-15, acting under color of law, in failing to intercede or take any steps to protect Mr. NEGRON from the unjustified and unconstitutional treatment he was receiving at the hands of the corrections officer defendants, were done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, were done without lawful justification or reason, and were designed to and did cause specific and serious pain and suffering in violation of plaintiff's Constitutional rights as

guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

56.     As a result of the foregoing, plaintiff was deprived of his liberty, sustained painful injuries to his body, was made ill, was subject to great humiliation, and was otherwise damaged and injured.

## FOURTH CLAIM

### DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983

57.     The plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

58.     The conduct and actions of the defendant CORRECTIONS OFFICERS RICHARD ROE 1-15, acting under color of law, in strip searching Mr. NEGRON, were objectively unreasonable searches and seizures of plaintiff and were done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, were done without lawful justification or reason, and were designed to and did cause specific and serious bodily harm, pain and suffering in violation of plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

59.     As a result of the foregoing, plaintiff was deprived of his liberty, was subject to great humiliation, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

        a.      Compensatory damages;

        b.      Punitive damages (except against the City of New York);

    c.      The convening and empanelling of a jury to consider the merits of the claims herein;

    d.      Costs and interest and attorney's fees;

    e.      Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated:      Bronx, New York
             August 20, 2007

                                        /s/
                          _____
                          J. McGREGOR SMYTH, JR., Esq.  [JS-9995]
                          The Bronx Defenders
                          860 Courtlandt Avenue
                          Bronx, New York  10451
                          (718) 838-7878

                          Attorneys for Plaintiff
                          CARLOS NEGRON