USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

MEGHAN A. CAVALIERI
*Assistant Corporation Counsel*
Tel.: (212) 788-6405
Fax: (212) 788-9776

October 29, 2007

BY HAND
Honorable William H. Pauley
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

Re: Carlos Negron v. The City of New York, et al. 07 CV 7408 (WHP) (KNF)

Dear Judge Pauley:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and attorney for defendant City of New York (hereinafter "City"). I am writing with the consent of plaintiff's counsel J. McGregor Smyth, Jr., Esq. to respectfully request: (1) a sixty (60) day enlargement of time from October 29, 2007, until December 28, 2007, within which this office may answer or otherwise respond to the complaint and (2) an adjournment of the initial pre-trial conference scheduled by this Court for December 7, 2007, at 10:15 a.m. until a date convenient to the Court after defendant's answer is due. This is the City's first request for an enlargement of time in this action.

      The complaint alleges, inter alia, that plaintiff Carlos Negron was falsely arrested/imprisoned, searched and that while in the custody of the New York City Department of Correction he was assaulted by other inmates. In addition to the City of New York, the complaint purports to name Police Officer George Reyes as a defendant. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate the matter.

      Moreover, the enlargement will allow us to ascertain whether the individually named defendant has been served[1]. If service has been effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case,

---

[1] Although this office does not currently represent Officer Reyes, and assuming he was properly served, this office also respectfully requests this extension on his behalf in order to prevent his defenses from being jeopardized while representational issues are being resolved.

whether we may represent the individually named defendant. The named defendant must then decide whether he/she wishes to be represented by this office. If so, we must obtain his/her written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. The City of New York et al., 64 N.Y.2d 800, 486 N.Y.S. 2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request extending the City's time to answer the complaint until December 28, 2007 and a corresponding adjournment of the initial conference currently scheduled for December 7, 2007.

Thank you for your consideration in this regard.

Respectfully submitted,

Meghan A. Cavalieri (MC 6758)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   VIA FACSIMILE
      J. McGregor Smyth, Jr., Esq.
      The Bronx Defenders
      860 Courtland Avenue
      Bronx, NY 10451
      Attorneys for Plaintiff
      Fax: (718) 665-0100

Application granted.

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.
11/1/07

The initial pre-trial conference is adjourned to February 1, 2008 at 9:45 a.m.