UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CARLOS NEGRON,

                              Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE OFFICER
GEORGE REYES AND POLICE OFFICERS JOHN DOE,
Individually and in their official capacities as New York
City Police Officers and Supervisors; CORRECTIONS
OFFICER RICHARD ROE 1-5, Individually and in their
official capacities as New York City Corrections Officers
and Supervisors,

                              Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DETECTIVE GEORGE REYES**

07 CV 7408 (WHP)(KNF)

Jury Trial Demanded

------------------------------------------------------------------------ x

        Defendant, Detective George Reyes[1], by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon information and belief, as follows:[2]

        1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports bring this action as stated therein.

        2. Denies the allegations set forth in paragraph "2" of the complaint, expect admits that on or about December 10, 2005, plaintiff was arrested and remained in custody after being arraigned.

        3. Denies the allegations set forth in paragraph "3" of the complaint.

---

[1] Detective George Reyes was incorrectly identified in the caption of the complaint as "Police Officer George Reyes".

[2] Defendant, City of New York, previously filed an answer with the Court on December 26, 2007.

4. Denies the allegations set forth in paragraph "4" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding searches of plaintiff while in New York City Department of Correction custody.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Paragraph "7" of the complaint sets forth relief sought by plaintiff to which no response is required.

8. Paragraph "8" of the complaint sets forth a claim for damages and further relief to which no response is required.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that the City of New York is a municipal corporation and that the City of New York maintains a police department and a correction department and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified officers and admits that George Reyes was employed by the City of New York as a Police Detective.

11. Denies the allegations set forth in paragraph "11" of the complaint, expect admits that George Reyes, shield number 06336, was employed by the City of New York as a Police Detective.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint concerning unidentified officers.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint concerning unidentified officers.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff purports to bring this action as stated therein and that plaintiff purports to invoke the Court's jurisdiction as stated therein.

15. Denies the allegations set forth in paragraph "15" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

16. Denies the allegations set forth in paragraph "16" of the complaint, except admits that plaintiff purports to base venue as stated therein.

17. Paragraph "17" of the complaint sets forth a demand for a jury trial to which no response is required.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "19" of the complaint regarding where plaintiff was going when he was arrested, except admits that plaintiff was arrested on December 10, 2005, at approximately 11:40 p.m. in the vicinity of 244 E. 198th Street in the County of the Bronx.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff was arraigned in Bronx County Criminal Court under docket number 2005BX064657.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about January 6, 2006.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. In response to the allegations set forth in paragraph "48" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. In response to the allegations set forth in paragraph "54" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. Denies the allegations set forth in paragraph "59" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

60. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

61. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

62. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of the Defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

63. At all times relevant to the acts alleged in the complaint, Defendant City of New York an its agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

64. Punitive damages cannot be recovered from Defendant City of New York.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

65. Plaintiff's claims may be barred in whole or in part by the applicable limitations period.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

66. Plaintiff's claims may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel and/or the Rooker-Feldman doctrine.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

67. There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

68. George Reyes has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**WHEREFORE,** Defendant George Reyes requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 2, 2008

> MICHAEL A. CARDOZO
> Corporation Counsel
> of the City of New York
> Attorney for Defendants City of New York
> and Detective Reyes
> 100 Church Street, Room 6-307
> New York, New York 10007
> (212) 788-6405
>
> By: *Meghan Cavalieri*
> Meghan A. Cavalieri (MC 6758)
> Assistant Corporation Counsel
> Special Federal Litigation Division

cc:   VIA ECF
J. McGregor Smyth, Jr., Esq.
The Bronx Defenders
Attorneys for Plaintiff
860 Courtland Avenue
Bronx, NY 10451
Fax: (718) 665-0100

07 CV 7408 (WHP)(KNF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS NEGRON,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER GEORGE REYES AND POLICE OFFICERS JOHN DOE, Individually and in their official capacities as New York City Police Officers and Supervisors; CORRECTIONS OFFICER RICHARD ROE 1-5, Individually and in their official capacities as New York City Corrections Officers and Supervisors,

                        Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DETECTIVE REYES**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant The City of New York and Detective Reyes*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Meghan A. Cavalieri*
*Tel: (212) 788-6405*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................., 2007*

*......................................................................... Esq.*

*Attorney for...................................................................*

- 9 -