USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
CARLOS NEGRON,  )
  )
                             Plaintiff,  ) 2007-CV-7408 (WHP) (KNF)
           -against-  )
  )
CITY OF NEW YORK, et al.,  )
                         Defendants.  )
  )
------------------------------------------------------------------ X

## STIPULATION AND PROTECTIVE ORDER FOR MEDICAL AND PSYCHOLOGICAL RECORDS

WHEREAS, defendants have sought certain documents from plaintiff in discovery in this action, documents which plaintiff deems confidential, and

WHEREAS, plaintiff objects to the production of those documents unless appropriate protection for their confidentiality is assured,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for plaintiff and defendants as follows:

1. As used herein, "Confidential Materials" shall mean any records of medical and/or psychiatric treatment of plaintiff, and the information contained therein, and any records provided by any medical or psychiatric provider pursuant to the authorizations produced by plaintiff in this action for medical and/or psychiatric records.

2. If a defendant objects to the designation of particular documents as "Confidential Materials," that defendant shall state such objection in writing to the plaintiff, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then the defendant shall, within ten (10) days of serving its objections, seek a court

1

order approving such designation. Until and unless the Court rules otherwise, the document shall remain confidential and subject to this Protective Order.

   3. Neither a defendant nor its attorneys shall use the Confidential Materials for any purpose other than for the preparation or presentation of their case in this action.

   4. Defendants' attorneys shall not disclose the Confidential Materials to any person not a member of the staff of the Office of the Corporation Counsel, except under the following conditions relating to this action:

    a. Disclosure may be made only if necessary to the preparation or presentation of defendants' case in this action.

    b. Disclosure before trial may be made only to the defendants, to an expert who has been retained or specially employed by defendants' attorneys in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), defendants' attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by defendants' attorneys and a copy shall be furnished to plaintiff's attorneys upon their request;

    d. Disclosure to an individual not listed in subparagraph (b) above may be made only upon granting of an application to the Court, and for good cause shown;

    e. In the event a conflict arises between the parties as to whether a party may show the Confidential Materials to a potential deponent, or other person whom counsel reasonably believes may have knowledge of the information described or referred to in the Confidential Materials, the parties agree not to do so until such time as the parties can obtain a ruling from the Court in this regard.

2

5. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential by plaintiff's attorney, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**<u>CONFIDENTIAL</u>**

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

7. However, where the Confidential Materials or information contained therein is not material to issues addressed in court submissions, and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of the parties or non-parties, the parties may file redacted documents without further order of the Court.

3

8. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to plaintiff's attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to plaintiff's attorneys.

7. Nothing in this Stipulation and Protective Order shall be construed to limit plaintiff's use of the Confidential Materials in any manner.

Dated: March 26, 2008
       New York, New York

| THE BRONX DEFENDERS | MICHAEL CARDOZO |
|---|---|
| | Corporation Counsel of the City of New York |
| By: _____ | By: _____ |
| J. McGregor Smyth (JS 9995) | Meghan A. Cavalieri (MC 6758) |
| | Assistant Corporation Counsel |
| 860 Courtlandt Avenue | 100 Church Street |
| Bronx, New York 10451 | New York, New York 10007 |
| (718) 838-7878 | (212) 788-0957 |
| Attorneys for Plaintiff | Attorney for All Defendants |

SO ORDERED

_____
         U.S.D.J.
       4/4/08
Dated: New York, New York
~~March ___, 2008~~

4