UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

CARLOS NEGRON,

Plaintiff,

-against-

THE CITY OF NEW YORK;, DET. GEORGE REYES; SGT. CABAN; DET. VAZQUEZ; AND POLICE OFFICERS JOHN DOE 1-15, Individually and in their official capacities as New York City Police Officers and Supervisors; CAPT. PHILLIPS; CO BRIDGETT HOPKINS; CAPT. CLIFFORD ADAMS; ADW MICHAEL CREWS; and CORRECTIONS OFFICERS RICHARD ROE 1-15, Individually and in their official capacities as New York City Corrections Officers and Supervisors,

Defendants.

-------------------------------------------------------------------- x

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF CITY OF NEW YORK AND DETECTIVE REYES**

07 CV 7408 (WHP)(KNF)

Jury Trial Demanded

Defendants, The City of New York and Detective Reyes, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:[1]

1. Deny the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports bring this action as stated therein.

2. Deny the allegations set forth in paragraph "2" of the complaint, expect admit that on or about December 10, 2005, plaintiff was arrested and remained in custody after being arraigned.

---

[1] On information and belief, the individuals identified in the caption of the complaint as Sgt. Caban, Det. Vazquez, Capt. Phillips, CO Hopkins, Capt. Adams, ADW Crews have not yet been served with the summons and complaint in this action and, therefore, are not yet defendants in this case.

3. Deny the allegations set forth in paragraph "3" of the complaint.

4. Deny the allegations set forth in paragraph "4" of the complaint.

5. Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Paragraph "8" of the complaint sets forth relief sought by plaintiff to which no response is required.

9. Paragraph "9" of the complaint sets forth a claim for damages and further relief to which no response is required.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admits that the City of New York is a municipal corporation and that the City of New York maintains a police department and a correction department that George Reyes was employed by the City of New York as a Police Detective except Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified officers, Sgt. Caban, Det. Vazquez, Capt. Phillips, CO Hopkins, Capt. Adams and ADW Crews.

12. Deny the allegations set forth in paragraph "12" of the complaint, expect admit that George Reyes, shield number 06336, was employed by the City of New York as a Police Detective.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint concerning unidentified officers.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint concerning unidentified officers.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff purports to bring this action as stated therein and that plaintiff purports to invoke the Court's jurisdiction as stated therein.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff purports to base venue as stated therein.

24. Paragraph "24" of the complaint sets forth a claim demand for a jury trial to which no response is required.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint, except admit that plaintiff was arraigned in Bronx County Criminal Court under docket number 2005BX064657.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint, except admit that plaintiff was involved in an incident on or about December 15, 2005 with other inmates and was transported to Bellevue Hospital for treatment.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint, except deny the allegations concerning whether plaintiff was transported.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about January 6, 2006.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. In response to the allegations set forth in paragraph "60" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. In response to the allegations set forth in paragraph "63" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. In response to the allegations set forth in paragraph "54" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. In response to the allegations set forth in paragraph "69" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

70. Deny the allegations set forth in paragraph "70" of the complaint

71. Deny the allegations set forth in paragraph "71" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

72. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

73. Defendants City of New York and Detective Reyes have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

74. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of the Defendants City of New York and Detective Reyes.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

75. At all times relevant to the acts alleged in the complaint, Defendants City of New York and Detective Reyes and their agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

76. Punitive damages cannot be recovered from Defendant City of New York.

**AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:**

77. Plaintiff's claims may be barred in whole or in part by the applicable limitations period.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:**

78. Plaintiff's claims may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

79. There was probable cause for plaintiff's arrest and prosecution.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

80. Detective Reyes has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

81. Plaintiff may not have complied with the conditions precedent to suit.

**WHEREFORE,** Defendants City of New York and Detective Reyes request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 16, 2008

MICHAEL A. CARDOZO
Corporation Counsel
of the City of New York
Attorney for Defendants City of New York
and Detective Reyes
100 Church Street, Room 6-307
New York, New York 10007
(212) 788-6405

By: Meghan Cavalieri
Meghan A. Cavalieri (MC 6758)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: VIA ECF and FAX
J. McGregor Smyth, Jr., Esq.
The Bronx Defenders
860 Courtland Avenue
Bronx, NY 10451
Attorneys for Plaintiff
Fax: (718) 665-0100

07 CV 7408 (WHP)(KNF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS NEGRON,

Plaintiff,

-against-

THE CITY OF NEW YORK;, DET. GEORGE REYES; SGT. CABAN; DET. VAZQUEZ; AND POLICE OFFICERS JOHN DOE 1-15, Individually and in their official capacities as New York City Police Officers and Supervisors; CAPT. PHILLIPS; CO BRIDGETT HOPKINS; CAPT. CLIFFORD ADAMS; ADW MICHAEL CREWS; and CORRECTIONS OFFICERS RICHARD ROE 1-15, Individually and in their official capacities as New York City Corrections Officers and Supervisors,

Defendants.

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF THE CITY OF NEW YORK AND DETECTIVE REYES**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Det..Reyes*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Meghan A. Cavalieri*
*Tel: (212) 788-6405*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ......................................................, *2008*

.................................................................................... *Esq.*

*Attorney for* ..........................................................................